UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ABRAHAM CAMPOS, EDER GORDILLO, PAULINO
CARPINTERO, SAMUEL HERRERA, YONI DE LOS SANTOS,
SEGUNDO CALLE, JENARO CAMPOVERDE, PELLUMB
KATANOLLI, CESAR SUPACELA, NICOLAS ZHAGNAY,
CRISTIAN ASITIMBAY, MARIO ASITIMBAY, EDUARDO
YUNGA, VLADIMIR YUNGA, DIEGO A. ESTRADA, VICTOR
GONZALEZ, MILTON QUIZHPILEMA, FELIPE VEGA-
LOYOLA, EDISON MACANCELA, and BRYAN MACANCELA,

       Plaintiffs – Judgment Creditors,

          v.

DIA EMPIRE GROUP LLC; DIA INVESTMENT GROUP
LLC; SP REALTY INVESTMENTS LLC; U.S. BANK
NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY, BUT SOLELY AS OWNER TRUSTEE OF THE
NEW RESIDENTIAL MORTGAGE LOAN TRUST 2021-
NQM2R; SAEED KETABCHI; GEON INC.; GOLDMAN
SACHS MORTGAGE COMPANY; MARLY CARO; ORCA
FUNDING LLC; and IGNACIO DUARTE,

       Defendants.

---

No. _ 2:23-cv-21802

**COMPLAINT**

**Related cases:**

SDNY no. 1:18-cv-04036
SDNY no. 1:18-cv-07507
SDNY no. 1:22-cv-5993
SDNY no. 1:23-cv-01184

DNJ no.  2:22-mc-00054
        (KSH)
DNJ no.  2:22-cv-07426
        (BRM) (ESK)
DNJ no.  2:23-mc-00064
        (MC)

## NATURE OF THE ACTION

    1.    The above-captioned restaurant worker Plaintiffs bring this ancillary

proceeding, pursuant to Rule 69 of the Federal Rules of Civil Procedure, and relying on

the New Jersey Uniform Voidable Transactions Act, N.J. Stat. §§ 25:2-20 *et seq*, to

enforce a **$2.25 million judgment** that they obtained against their former employer,

Besim Kukaj, and his various entities, for unpaid wages and other labor violations.

    2.    The judgment debtors in the two underlying actions, which had been filed

in May and August 2018, are **B**esim **Kuk**aj; his various BKUK corporations (e.g.,

BKUK Corp.; BKUK 1 Corp.; BKUK 3 Corp.; etc.); and other entities. Through these

entities, "[d]uring the relevant time period [of the underlying case], Defendants have owned, operated and overseen at least seventeen restaurant locations throughout New York City."[1]

3.     Meanwhile, in 2017, Mr. Kukaj had also formed BKUK Realty LLC and, from 2017 through 2018, BKUK Realty purchased at least eight real properties in New Jersey.

4.     By December 2018, Mr. Kukaj and the various entities had stopped participating in the underlying cases.

5.     Then, with a default on the horizon, Mr. Kukaj started moving the ownership of the properties. First, on or about **February 14, 2019**, they were transferred to SP Realty Investments LLC. Next, on **March 4, 2020**, they were transferred from SP Realty Investments LLC to various entities with names beginning with "DIA". Then, on May 20, 2020, the Clerk of the Court entered a default in the underlying cases.

6.     This proceeding seeks to unwind the fraudulent conveyances of the real properties and to recover the monies received when the properties were sold to third parties.

## PARTIES

7.     Plaintiffs are former restaurant employees who obtained a judgment against their former employer, Besim Kukaj and his various entities, for violations of the Fair Labor Standards Act and New York Labor Law.

---

[1] *Campos et al v. BKUK 3 Corp. et al,* No. 1:18 Civ. 04036 (JGK) (KHP), 2021 WL 3863198, at *1 n.1 (S.D.N.Y. Aug. 10, 2021).

8.     Defendant **DIA² Empire Group LLC** is a New Jersey corporation registered, on February 27, 2020, at 1401 44th Street in North Bergen, New Jersey, listing **Soranee Penthamrongrat** (Mr. Kukaj's wife, a/k/a Soranee Kukaj) as its registered agent and signed for by **Abduraman Iseni** (Mr. Kukaj's criminal co-conspirator) as its authorized representative.

9.     Mortgage and deed records indicate, however, that in 2021, Besim Kukaj was the sole member of DIA Empire Group LLC.  And by late 2021, mortgage records indicate that Ms. Kukaj was apparently the "managing member" of DIA Empire Group LLC.

10.     Defendant **DIA Investment Group LLC** is a New Jersey corporation registered, also on February 27, 2020, at 1401 44th Street in North Bergen, New Jersey, listing Soranee Penthamrongrat as its registered agent and signed for by Abduraman Iseni as its authorized representative.

11.     Mortgage records indicate, however, that by 2022, Soranee Kukaj was the sole member of DIA Investment Group LLC.

---

[2] "DIA" may refer to the "Diamond Enterprise". According to the Government's indictment, Iseni and others:

> were members and associates of the "Diamond Enterprise." The Diamond Enterprise was an organized criminal group operating under the direction and protection of ISENI, who had substantial influence in the criminal underworld and offered assistance to and support of the members and associates of the Diamond Enterprise. Those members and associates, and ISENI himself, engaged in long-running criminal activity in support of the Diamond Enterprise, including through the operation of illegal gambling businesses, the transmission of wagering information on sporting events in interstate and foreign commerce, and money laundering.

*See* Indictment, *United States v. Iseni, et al.*, S.D.N.Y. Case No. 1:20-cr-00660, ECF no. 2, ¶ 1.

12.     Defendant **SP Realty Investments LLC** is a New Jersey corporation registered, on December 20, 2018, by Soranee Penthamrongrat at 1401 44th Street in North Bergen, New Jersey.

13.     Defendant U.S. Bank National Association, Not In Its Individual Capacity, But Solely As Owner Trustee Of The New Residential Mortgage Loan Trust 2021-NQM2R, is named a party defendant to this action because it is a holder of the mortgage described below. Its address is 60 Livingston Avenue, EP-MN-WS3D, St. Paul, Minnesota.

14.     Defendant Saeed Ketabchi is named a party defendant to this action because he is the holder of two mortgages described below. His address is c/o Patrick O. Lacsina Law Offices, LLC, 215 North 5th Street, Suite 1, Harrison, New Jersey.

15.     Defendant **Geon Inc.** is named a party defendant to this action because it is the holder of a mortgage described below. Its address is c/o Raymond Picone, 713 Sherwood Court, Oradell, New Jersey.

16.     Defendant **Goldman Sachs Mortgage Company** is named a party defendant to this action because it is the holder of a mortgage described below. Its address is 6011 Connection Drive, 5th Floor, Irving, Texas.

17.     Defendant **Marly Caro** is named a party defendant to this action because Caro is the holder of a mortgage described below. Caro's address is 379 Palisade Avenue, Third Floor, Jersey City, New Jersey.

18.     Defendant **Orca Funding LLC** is named a party defendant to this action because it is the holder of a mortgage described below. Orca's address is 333 Sylvan Avenue, Suite 206, Englewood Cliffs, New Jersey.

19.    Defendant **Ignacio Duarte** is named a party defendant to this action because he is the holder of a mortgage described below. Duarte's address is 8110 River Road, Apt 1003, North Bergen, New Jersey.

## JURISDICTION AND VENUE

20.    This proceeding falls within the Court's ancillary jurisdiction to enforce a prior judgement pursuant to Fed. R. Civ. P. 69. Venue is proper pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims herein occurred in the District of New Jersey.

## BACKGROUND

### The Wage Litigation

21.    On May 4, 2018, Plaintiff Abraham Campos and others filed a putative class and collective action complaint for unpaid wages and other violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and New York Labor Law §§ 650 *et seq.* against Defendant Besim Kukaj and various restaurant entities that were under his ownership and control. A second action was subsequently filed by a separate group of Plaintiffs on August 20, 2018, and the two cases were eventually consolidated.

22.    A detailed history of all relevant prior proceedings can be found in the Report and Recommendation filed by Magistrate Judge Katharine H. Parker (ECF No. 156) in *Campos et al v. BKUK 3 Corp. et al,* No. 1:18 Civ. 04036 (JGK) (KHP), 2021 WL 3540243 (S.D.N.Y. Aug. 10, 2021). As explained therein, after having initially participated to defend against the respective actions, Mr. Kukaj ceased to appear or

participate in either proceeding, and Plaintiffs moved for the entry of a default

judgment.

      23.    On December 3, 2021, the Honorable John G. Koeltl entered a judgment

for Plaintiffs against Mr. Kukaj and all other defendants, jointly and severally, as

follows:

> ORDERED that pursuant to this default judgment, Plaintiffs be awarded the following amounts, as set forth in more detail in the Damages Chart attached to the Report & Recommendation:

| | |
|---|---|
| C. Asitimbay | $143,530.22 |
| M. Asitimbay | $23,586.73 |
| Julio E. Yunga | $99,248.17 |
| V. Yunga | $99,211.17 |
| D. Estrada Cortez | $21,455.42 |
| V. Gonzalez | $56,762.29 |
| M. Quizhpilema | $16,608.42 |
| F. Vega-Loyola | $32,309.14 |
| S. Calle | $50,965.25 |
| A. Campos | $219,426.65 |
| J. Campoverde | $41,732.87 |
| P. Carpintero | $32,767.41 |
| Y. De Los Santos | $165,156.23 |
| E. Gordillo | $111,977.43 |
| G. Hasangjekaj | $72,718.51 |
| S. Herrera | $180,429.37 |
| P. Katanolli | $143,756.58 |
| C. Supacela | $265,753.38 |
| N. Zhagnay | $226,668.71 |
| E. Macancela | $83,808.39 |
| B. Macancela | $168,949.16; |

> ORDERED that attorneys' fees are awarded in the amount of $92,861.67 and costs in the amount of $6,452.82 to Pelton Graham LLC for a total of $99,314.49, and attorneys' fees in the amount of $77,440.00 and costs in the amount of $2,269.53 to The Howley Law Firm PC for a total of $79,709.53…

Default Judgment Order (ECF No. 162), *Campos et al v. BKUK 3 Corp. et al*, No. 1:18

Civ. 04036 (JGK), 2021 WL 5762119 (S.D.N.Y. Dec. 3, 2021).

24.     The Default Judgment totals to $2,256,821.50, plus an award of fees and costs in the amount of $179,024.02. Mr. Kukaj and his entities have not offered to pay a single dollar of what they owe. To date, only $29,704.50 (i.e., barely one percent) has been collected on the judgment.

25.     On May 26, 2022, the Default Judgment was registered in the District of New Jersey. *See* D.N.J. no. 2:22-mc-00054 (KSH), ECF no. 2.

## The Criminal Conspiracy

26.     On or about December 7, 2020, Mr. Abduraman and Mr. Kukaj were named as co-defendants in a criminal conspiracy indictment and charged with various racketeering offenses. *See United States v. Iseni, et al.* (S.D.N.Y. Case No. 1:20-cr-00660).

27.     On April 19, 2022, Mr. Iseni was sentenced to 51 months' imprisonment.[3]

28.     On April 11, 2023, Mr. Kukaj was sentenced to 57 months' imprisonment.[4]

## Other Properties

29.     In addition to the five fraudulent transfers described below, Plaintiffs are seeking to recover, or will seek to recover, from various other transfers made on March 4, 2020.

---

[3] https://www.justice.gov/usao-sdny/pr/diamond-enterprise-boss-sentenced-51-months-prison-connection-criminal-acts-including

[4] https://www.justice.gov/usao-sdny/pr/restaurateur-sentenced-57-months-prison-over-6-million-pandemic-loan-fraud-and

**Previous SDNY Fraudulent Conveyance Action**

30.     On July 14, 2022, Plaintiffs filed a fraudulent conveyance action against Besim Kukaj, SP Realty Investments LLC, and Diamond Global Management LLC. *See* SDNY no. 1:22-cv-05993.

31.     In that case, Plaintiffs sought to recover from the conveyance of a property that had been owned by Mr. Kukaj at 36 Locke Drive in the Town of Pittsford, New York (near Rochester). Like the properties described herein, on March 4, 2020, that property was transferred to another DIA entity (Diamond Global Management LLC).

32.     On January 13, 2023, the court entered a default judgment in the amount of $249,450 as against **SP Realty Investments LLC**, and an award of $30,995 in attorneys' fees and $1,806.77 in expenses. *See* no. 1:22-cv-05993, ECF no. 35.

33.     On February 16, 2023, that judgment was registered in the District of New Jersey. *See* D.N.J. no. 2:23-mc-00064 (ES).

**Previous DNJ Fraudulent Conveyance Action**

34.     On December 20, 2022, Plaintiffs filed a fraudulent conveyance action against SP Realty Investments LLC. Plaintiffs later amended to include DIA Investment Group LLC as a defendant. *See* DNJ no. 2:22-cv-07426 (BRM) (ESK).

35.     In that case, Plaintiffs sought to recover from the conveyance of a property that had been owned by Mr. Kukaj at 1442 44th Street, North Bergen, New Jersey.

36.     Like the properties described herein, on February 21, 2019, the property was transferred to SP Realty Investments LLC. Next, on March 4, 2020, it was transferred from SP Realty Investments LLC to DIA Investment Group LLC.

37.     On July 17, 2023, the Clerk entered a default and, on July 23, 2023, Plaintiffs filed a motion for a default judgment. *See* DNJ no. 2:22-cv-07426, ECF nos. 28–29.

**COUNT I**
Fraudulent Conveyance, N.J. Stat. § 25:2-25
Against:       **DIA Investment Group LLC**
Address:      **12 69th St., Guttenberg, NJ**
                    [Municipality: 0903; Block: 39; Lot 11]

38.     Plaintiffs allege and re-allege all the above paragraphs, as if fully set forth herein.

39.     On April 13, 2018, BKUK Realty LLC purchased the property at 12 69th Street, Guttenberg, New Jersey (the "**12 69th St. Property**") for $387,000.

40.     On February 14, 2019, BKUK Realty transferred the 12 69th St. Property to Judgment Debtor SP Realty Investments LLC, for consideration of $10 (and the alleged assumption of the mortgage of $302,364).

41.     On March 4, 2020, SP Realty Investments LLC transferred the 12 69th St. Property to DIA Investment Group LLC, purportedly for consideration of $296,728. There is no indication, however, in SP Realty Investments LLC's bank records that DIA Investment Group LLC actually paid for the property.

42.     Even though DIA Investment Group LLC was an entity purportedly formed by Abduraman Iseni (Besim Kukaj's criminal co-conspirator), Soranee Kukaj

f/k/a Soranee Penthamrongrat (i.e., SP) signed mortgages on the property as the "managing member" and the "sole member" of DIA Investment Group LLC.

43.    The transfer of the 12 69th St. Property from SP Realty Investments LLC to DIA Investment Group LLC is voidable because it was made with actual intent to hinder, delay, or defraud the Judgment Creditors. The intent can be determined because:

        a.      the transfer was made to an insider;

        b.      SP Realty Investments LLC retained possession or control of the property transferred;

        c.      SP Realty Investments LLC removed or concealed assets;

        d.      there was no fair consideration; and

        e.      SP Realty Investments LLC was insolvent or became insolvent.

44.    The transfer of the 12 69th St. Property is *also* voidable because it was not for reasonably equivalent value in exchange and SP Realty Investments LLC believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due. Indeed, SP Realty Investments LLC thereafter became a judgment debtor and has not made good on the judgment.

45.    The 12 69th St. Property is subject to three mortgages.

46.    *First*, on April 13, 2018, BKUK Realty LLC borrowed $300,000 from All Credit Considered Mortgage, Inc.  On April 23, 2020, the loan was assigned to Wilmington Savings Fund Society.  On May 10, 2021, Wilmington assigned the loan to Toringdon Way LLC.  On September 14, 2021, Toringdon assigned the loan to Barclays Bank PLC.  On October 27, 2021, Barclays assigned the loan to Goldman Sachs

Mortgage Company.  On June 16, 2023, Goldman assigned the loan to U.S. Bank National Association.

47.      Meanwhile, on January 31, 2022, Wilmington had signed a new assignment of the loan, this time to U.S. Bank National Association. This assignment does not appear to be valid, as by this date, Wilmington no longer owned the loan.

48.      *Second*, on December 28, 2021, an individual named Saeed Ketabchi provided a mortgage loan of $250,000, secured by the 12 69th St. Property and 1442 44th Street.

49.      *Third*, on March 17, 2022, a lender called Geon Inc. provided a mortgage loan of $55,000, secured by the 12 69th St. Property and 1401 44th Street, signed by Soranee Kukaj, Sole Member of DIA Investment Group LLC and Sole Member of DIA Management Firm LLC in its favor in the amount of $55,000.00, and which was recorded in the County Clerk's Office of Hudson County on April 28, 2022, in Book 20262 on Page 125 et seq.


**COUNT II**
Fraudulent Conveyance, N.J. Stat. § 25:2-25
Defendant:    **DIA Empire Group LLC**
Address:      **266 13th St., Palisades Park, NJ**
              [Municipality: 0245; Block: 430; Lot 4]

50.      Plaintiffs allege and re-allege all the above paragraphs, as if fully set forth herein.

51.      On June 27, 2007, Judgment Debtor Besim Kukaj and Luan Kukaj purchased the property at 266 13th Street, Palisades Park, New Jersey (the "**13th St. Property**"), paying $625,000.

52.     On January 20, 2017, they transferred the 13th St. Property to BKUK Realty LLC, purportedly for consideration of $500,000.

53.     On February 14, 2019, BKUK Realty LLC transferred the 13th St. Property to SP Realty Investments LLC for a stated consideration of $10.00.

54.     On March 4, 2020, SP Realty Investments LLC transferred the 13th St. Property to DIA Empire Group LLC, purportedly for consideration of $466,336. There is no indication, however, in SP Realty Investments LLC's bank records that DIA Empire Group LLC actually paid for the property.

55.     The property does not appear to have been encumbered by a mortgage.

56.     On April 16, 2021, DIA Empire Group LLC sold the 13th St. Property to Rock Heaven LLC (an apparently unrelated third party) for $725,000.

57.     Even though DIA Empire Group LLC was an entity purportedly formed by Abduraman Iseni (Besim Kukaj's criminal co-conspirator), Besim Kukaj signed the deed transferring the property to Rock Heaven as the "sole member" of DIA Empire Group LLC.

58.     The transfer of the 13th St. Property from SP Realty Investment LLC to DIA Empire Grroup LLC is voidable because it was made with actual intent to hinder, delay, or defraud the Judgment Creditors.  The intent can be determined because:

        a.     the transfer was made to an insider;

        b.     Mr. Kukaj and/or SP Realty Investments LLC retained possession or control of the property transferred;

        c.     before the transfer was made, Mr. Kukaj had been sued;

d.     Mr. Kukaj and/or SP Realty Investments LLC removed or concealed assets;

e.     there was no fair consideration; and

f.     Mr. Kukaj and/or SP Realty Investments LLC were insolvent or became insolvent.

59.     The transfer of the 13th St. Property is *also* voidable because it was not for reasonably equivalent value in exchange and Mr. Kukaj and/or SP Realty Investments LLC believed or reasonably should have believed that they would incur debts beyond his ability to pay as they became due. Indeed, Mr. Kukaj and SP Realty Investments LLC thereafter became judgment debtors and have not made good on the judgments.

60.     The Court should award a judgment of $249,450 as against DIA Empire Group LLC, representing the portion of the sale of the 13th St. Property voidable to satisfy the SDNY judgment held against SP Realty Investments LLC, and order a restraint of $32,801.77 as against DIA Empire Group LLC, to satisfy the award of fees and expenses entered against SP Realty Investments LLC.

**COUNT III**
Fraudulent Conveyance, N.J. Stat. § 25:2-25
Defendant:     **DIA Investment Group LLC**
Address:       **328 70th St., Guttenberg, New Jersey**
               [Municipality: 0903; Block: 37; Lot 22]

61.     Plaintiffs allege and re-allege all the above paragraphs, as if fully set forth herein.

62.     On February 26, 2018, BKUK Realty LLC purchased the property at 328 70th Street, Guttenberg, New Jersey (the "**70th St. Property**"), paying $325,000.

63.    On February 14, 2019, BKUK Realty LLC transferred the 70th St. Property to SP Realty Investments LLC for a stated consideration of $10.00 (and the alleged assumption of the mortgage of $229,114).

64.    On March 4, 2020, SP Realty Investments LLC transferred the 70th St. Property to DIA Investment Group LLC, purportedly for consideration of $224,776. There is no indication, however, in SP Realty Investments LLC's bank records that DIA Investment Group LLC actually paid for the property.

65.    As noted above, even though DIA Investment Group LLC was an entity purportedly formed by Abduraman Iseni (Besim Kukaj's criminal co-conspirator), Soranee Kukaj f/k/a Soranee Penthamrongrat (i.e., SP) signed a mortgage (on the 69th St. Property) as the "sole member" of DIA Investment Group LLC.

66.    And even though the 70th St. Property had purportedly been transferred to DIA Investment Group LLC in March 2020, that deed was not recorded until January 17, 2021.  In the meantime, SP Realty Investments LLC took a mortgage loan from an individual named Marly Caro, dated July 28, 2020, even though by that date the property had already purportedly been transferred to DIA Investment Group LLC.

67.    The transfer of the 70th St. Property is voidable because it was made with actual intent to hinder, delay, or defraud the Judgment Creditors. The intent can be determined because:

      a.     the transfer was made to an insider;

      b.     SP Realty Investments LLC retained possession or control of the property transferred;

      c.     the debtor removed or concealed assets;

      d.     there was no fair consideration; and

      e.     the debtor was insolvent or became insolvent.

68.     The transfer of the 70th St. Property is *also* voidable because it was not for reasonably equivalent value in exchange and SP Realty Investments LLC believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due. Indeed, SP Realty Investments LLC thereafter became a judgment debtor and has not made good on the judgment.

69.     The 70th St. Property is subject to two mortgages.

70.     *First*, on February 26, 2018, BKUK Realty LLC borrowed $227,5000 from All Credit Considered Mortgage, Inc.  On November 4, 2019, the loan was assigned to Wilmington Savings Fund Society.  On June 9, 2021, Wilmington assigned the loan to Goldman Sachs Mortgage Company.

71.     *Second,* as noted above, on July 28, 2020, SP Realty Investments LLC borrowed $50,000 from an individual named Marly Caro, dated July 28, 2020, even though by that date the property had already purportedly been transferred to DIA Investment Group LLC.

**COUNT IV**
Fraudulent Conveyance, N.J. Stat. § 25:2-25
Defendant:   **DIA Empire Group LLC**
Address:     **335 69th St., Guttenberg, NJ**
               [Municipality: 0903; Block: 20; Lot 10]

72.     Plaintiffs allege and re-allege all the above paragraphs, as if fully set forth herein.

73.     On August 28, 2018, BKUK Realty LLC purchased the property at 335 69th Street, Guttenberg, New Jersey (the "**335 69th St. Property**") for $335,000.

74. On February 14, 2019, BKUK Realty conveyed the 335 69th St. Property to SP Realty Investments LLC for consideration of $10.

75. On March 4, 2020, SP Realty Investments LLC transferred the 336 69th St. Property to DIA Empire Group LLC, purportedly for consideration of $234,500. There is no indication, however, in SP Realty Investments LLC's bank records that DIA Empire Group LLC actually paid for the property.

76. Even though DIA Empire Group LLC was an entity purportedly formed by Abduraman Iseni (Besim Kukaj's criminal co-conspirator), in March 2021, Besim Kukaj signed a mortgage on the property as the "sole and managing member" of DIA Empire Group LLC. And in December 2021, Soranee Kukaj signed a mortgage on the property as the "managing member" of DIA Empire Group LLC.

77. The transfer of the 335 69th St. Property is voidable because it was made with actual intent to hinder, delay, or defraud the Judgment Creditors. The intent can be determined because:

      a.   the transfer was made to an insider;

      b.   SP Realty Investments LLC retained possession or control of the property transferred;

      c.   the debtor removed or concealed assets;

      d.   there was no fair consideration; and

      e.   the debtor was insolvent or became insolvent.

78. The transfer of the 335 69th St. Property is *also* voidable because it was not for reasonably equivalent value in exchange and SP Realty Investments LLC believed or reasonably should have believed that it would incur debts beyond his ability

to pay as they became due. Indeed, SP Realty Investments LLC thereafter became a judgment debtor and has not made good on the judgment.

79.     The 335 69th St. Property is subject to three mortgages.

80.     *First*, on March 12, 2021, DIA Empire Group LLC borrowed $125,000 from Orca Funding, LLC.  As noted above, Besim Kukaj signed the mortgage as the "sole and managing member" of DIA Empire Group LLC.

81.     *Second*, on June 11, 2021, DIA Empire Group LLC borrowed $300,000 from Ignacio Duarte.  Besim Kukaj signed the mortgage as the "sole member" of DIA Empire Group LLC.  Instead of listing the registered address of DIA Empire Group LLC, the mortgage lists the address for the penthouse that Besim Kukaj was then living in.

82.     *Third*, on December 28, 2021, DIA Empire Group LLC borrowed $170,000 from Saeed Ketabchi. As noted above, Soranee Kukaj signed the mortgage as the "managing member" of DIA Empire Group LLC.


**COUNT V**
Fraudulent Conveyance, N.J. Stat. § 25:2-25
Defendant:   **DIA Empire Group LLC**
Address:       **1440 44th St., North Bergen, NJ**
                   [Municipality: 0908; Block: 144; Lot 328]

83.     Plaintiffs allege and re-allege all the above paragraphs, as if fully set forth herein.

84.     On November 30, 2018, BKUK Realty LLC purchased the property at 1440 44th Street, North Bergen, New Jersey (the "**44th St. Property**") for $430,000.

85.     On February 14, 2019, BKUK transferred the 44th St. Property to SP Realty Investments, LLC, for consideration of $10 (and the alleged assumption of the mortgage of $303,578).

86.     On March 4, 2020, SP Realty Investments LLC transferred the 44th St. Property to DIA Empire Group LLC, purportedly for consideration of $322,500. There is no indication, however, in SP Realty Investments LLC's bank records that DIA Empire Group LLC actually paid for the property.

87.     The property does not appear to have been encumbered by a mortgage.

88.     On January 7, 2022, DIA Empire Group LLC sold the 44th St. Property to apparently unrelated buyers for $530,000. Even though DIA Empire Group LLC was an entity purportedly formed by Abduraman Iseni (Besim Kukaj's criminal co-conspirator), Besim Kukaj signed the deed as the "managing member" of DIA Empire Group LLC.

89.     The transfer of the 44th St. Property from SP Realty Investments LLC to DIA Empire Group LLC is voidable because it was made with actual intent to hinder, delay, or defraud the Judgment Creditors. The intent can be determined because:

a.      the transfer was made to an insider;

b.      Mr. Kukaj and/or SP Realty Investments LLC retained possession or control of the property transferred;

c.      before the transfer was made, Mr. Kukaj had been sued;

d.      Mr. Kukaj and/or SP Realty Investments LLC removed or concealed assets;

e.      there was no fair consideration; and

     f.     Mr. Kukaj and/or SP Realty Investments LLC were insolvent or became insolvent.

90.    The transfer of the 44th St. Property is *also* voidable because it was not for reasonably equivalent value in exchange and Mr. Kukaj and/or SP Realty Investments LLC believed or reasonably should have believed that they would incur debts beyond their ability to pay as they became due. Indeed, Mr. Kukaj and/or SP Realty Investments LLC thereafter became judgment debtors and have not made good on the judgment.

91.    The Court should award a judgment of $249,450 as against DIA Empire Group LLC, representing the portion of the sale of the 13th St. Property voidable to satisfy the SDNY judgment held against SP Realty Investments LLC, and order a restraint of $32,801.77 as against DIA Empire Group LLC, to satisfy the award of fees and expenses entered against SP Realty Investments LLC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that a judgment be entered:

(a) avoiding the transfers of:

- 12 69th Street, Guttenberg, New Jersey from SP Realty Investments LLC to DIA Investment Group LLC;

- 266 13th Street, Palisades Park, New Jersey from SP Realty Investments LLC to DIA Empire Group LLC;

- 328 70th Street, Guttenberg, New Jersey from SP Realty Investments LLC to DIA Investment Group LLC;

- 335 69th Street, Guttenberg, New Jersey from SP Realty Investments LLC to DIA Empire Group LLC; and

- 1440 44th Street, North Bergen, New Jersey from SP Realty Investments LLC to DIA Empire Group LLC;

(b) enjoining the transferees DIA Investment Group LLC and **DIA Empire Group LLC** from further disposing the above-referenced properties;

(c) levying execution on the unsold properties:

- 12 69th Street, Guttenberg, New Jersey;

- 328 70th Street, Guttenberg, New Jersey; and

- 335 69th Street, Guttenberg, New Jersey;

(d) granting a money judgment of $249,450 as against DIA Empire Group LLC;

(e) awarding attorneys' fees and costs; and

(f) granting any other such relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: November 2, 2023
     New York, NY

                      POLLOCK COHEN LLP

                      By:     */s/ Adam Pollock*
                               Adam Pollock
                      111 Broadway, Suite 1804
                      New York, NY  10006
                      (646) 290-7251
                      Adam@PollockCohen.com
                      *Attorneys for Plaintiffs–Judgment Creditors*